IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE P. BRUTON, | No. C 08-3942 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CONTRA COSTA COUNTY SHERIFF, | |
| Defendant. | |

This is a civil rights case filed by an inmate of the Contra Costa County Jail. The complaint was dismissed in the initial review order because plaintiff had provided only sketchy and conclusory allegations that his water and mail had been tampered with and that he had not been provided with adequate medical care. He also was informed that the complaint was defective because he had failed to link the only defendant, the sheriff, with any putative violation of his constitutional rights, and that a respondeat superior theory of liability is not available under Section 1983. He has amended.

In the amendment plaintiff says that he knows his water was tampered with because he "heard water being poured and my teeth are numb;" that he knows his mail was tampered with because his grandmother did not get some mail; and that he is suing under various sections of the California Penal Code. There are no allegations that the only defendant, the sheriff, did anything. Nor is an isolated instance of interference with mail a constitutional violation. S*ee Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th

1  Cir. 1987) (allegations of isolated delay or some other relatively short-term, non-content-based
2  disruption in delivery of inmate mail not enough to state 1st Amendment claim).  His
3  allegations regarding water are insufficient to state a plausible claim that his health was
4  endangered to the level of an Eighth Amendment violation.

5  Plaintiff's contentions that state law was violated are not actionable under section 1983,
6  *see West v. Atkins*, 487 U.S. 42, 48 (1988) (element of section 1983 claim is "that a right
7  secured by the *Constitution or laws of the United States* was violated") [emphasis added]; *see
8  also DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989) (section
9  1983 does not impose liability for violations of duties of care arising out of state tort law);
10 *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (federal court may not
11 instruct state officials on how to conform their conduct to state law); *Paul v. Davis*, 424 U.S.
12 693, 700-01 (1976) (to state claim under section 1983 plaintiff must show a specific
13 constitutional or federal guarantee safeguarding the interests that have been invaded), and
14 because all of his federal claims will be dismissed, the court declines to retain supplemental
15 jurisdiction of any state law claims that may have been intended, *see* 28 U.S.C. § 1367(c)(3).

16 In short, plaintiff has failed to state a claim on any of his contentions.  The federal
17 claims of the complaint therefore are **DISMISSED** with prejudice.  The state law claims are
18 **DISMISSED** without prejudice.  The clerk shall close the file.

19 **IT IS SO ORDERED.**

20 Dated: September __8__, 2008.

    WILLIAM ALSUP
21  UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\CR.08\BRUTON3942.DSM.wpd